Peter Gruenstein
Gruenstein & Hickey
1029 W. 3rd Avenue, Suite 510
Anchorage, AK  99501
(907) 258-4338
(907) 258-4350 (fax)
E-mail: ghlaw1@gci.net

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| CATHERINE ANN NEWSHAM, individually and as personal representative of the ESTATE OF GEORGE M. NEWSHAM, deceased, and on behalf of GINNI LOUISE NEWSHAM and BRENT NEWSHAM, minor children,<br><br>        Plaintiffs,<br><br>vs.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY and STATE FARM FIRE AND CASUALTY COMPANY,<br><br>        Defendants. | Case No. A05-0092CV (JKS)<br><br>SUPPLEMENTAL BRIEF OF PLAINTIFFS TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT |

In the court's Order of January 19, 2006, at **Docket Nos. 19 and 13** ("Order"), the court invited supplemental briefing from the parties with respect to its tentative rulings on the partial summary judgment motions. Plaintiffs agree with the court's tentative ruling that Alaska substantive law should be applied by the court, but respectfully demur from

1

the court's tentative ruling that the application of that substantive law would not result in a judgment in their favor.

With respect, plaintiffs believe that the application of Alaska law with respect to the facts of this case is simpler than the court's analysis. This is a contract case. The Alaska Supreme Court seeks to enforce the expectations of the parties. Hillman v. Nationwide Mut. Fire Ins. Co., 758 P.2d 1248, 1250 (Alaska 1988). Insurance contracts are contract of adhesion, and *any* ambiguity must be construed against the carrier and in favor of the policyholder. Id. The applicable auto liability policy provides for the payment of "court costs" by State Farm.[1] State Farm does not exclude attorney's fees from the definition of "court costs." The Newsham's umbrella policy specifically adopts the substantive coverage of the underlying liability policy.[2] Alaska law requires that UIM coverage "mirror" the underlying liability coverage and provide the same coverage for attorney's fees, costs, and interest. State Farm Mut. Auto. Ins. Co. v. Harrington, 918 P.2d 1022, 1025-26 (Alaska 1996) (statutory requirement of "U coverage equal to the limits of liability coverage voluntarily purchased by the insured" includes "in addition to facial limits . . . items such as prejudgment interest, costs and attorney's fees"). The Alaska Supreme Court has defined litigation costs to include Rule 82 fees. *See* e.g., McDonough v. Lee, 420 P.2d 459 (Alaska 1966). State Farm's liability policy applies in all states, including Alaska, by its own terms. *See* Ex. 8, p. 8 to plaintiffs' motion for

---

[1] *See* Ex. 8, p. 6 to plaintiff's motion for partial summary judgment:

> In addition to the limits of liability, we will pay for an insured any costs listed below resulting from such accident.
>
> 1. Court costs of any suit for damages that we defend.

[2] *See* Ex. 9, p.15 to plaintiff's motion for partial summary judgment.

partial summary judgment. The tort lawsuit was filed in Alaska and defended by State Farm in Alaska. Therefore, as a matter of contract law in Alaska, State Farm is obligated to pay Rule 82 fees pursuant to the applicable policies.

But, as a matter of substantive contract law, Catherine's argument is even stronger than that. The Alaska Supreme Court has repeatedly recognized the relevance of extrinsic evidence in helping determine the expectations of the parties in contract cases. Dugan v. Atlanta Cas. Cos., 113 P.3d 652 at 654 (Alaska 2005)(citing Simmons v. Ins. Co. of N. America, 17 P.3d 56, 59 (Alaska 2001)). This is precisely the purpose for which Catherine's affidavit testimony was offered -- i.e., that she asked the Kansas State Farm agent whether the Newshams needed an Alaska policy for the Taurus that George had driven to Alaska, and was assured they did not.[3] At fn. 2 of page 5 of the Order, the court apparently misunderstands the purpose for which the affidavit testimony was offered – perhaps because plaintiffs did not do an adequate job of explaining it – as relating to a possible allegation of misrepresentation. The court also stated that: "Catherine did not set out in detail the content of her conversation" with the State Farm agent. But, Catherine testified in her affidavit (¶ 8):

> I told Terry about George's circumstances – specifically, that he had driven the Taurus to Alaska in March, that he was seeking employment for approximately six months in order to qualify for his pension, and that I hoped he would be back by Thanksgiving or at least Christmas. I specifically asked Terry whether George should have an Alaska policy for the Taurus. Terry told me not to worry about it.

Short of a tape recording, Catherine could not have provided any additional detail of her conversation with the agent. Plaintiffs respectfully submit that this court has not given proper weight to this testimony – especially in light of the fact that it is *undisputed* by

---

[3] *See* Ex. 1, ¶¶ 8, 10 to plaintiffs' partial summary judgment motion.

3

State Farm – as extrinsic evidence regarding *both* parties' expectations. Why is State Farm not bound – as a matter of *contract* law – to the assurances by *its* agent in direct response to the query of a policyholder, particularly here, where the "court costs" provision – which was written *by* the insurance carrier – is ambiguous? Plaintiffs submit the court also has not given proper weight to the Alaska Supreme Court's directive that as a contract of adhesion, "[a]ny ambiguity and uncertainty in an insurance policy is resolved against the insurer." Jarvis v. Aetna Cas. and Sur. Co., 633 P.2d 1359, 1363 (Alaska 1981). In fact, the court seems to interpret the "court costs" definition and ambiguity against the policyholder. Plaintiffs also believe that the court should consider the following facts and circumstances in this case in relation to the Alaska Supreme Court's directive that any ambiguity should be construed against the carrier:

1. State Farm is a very large writer of auto liability policies in the United States.

2. State Farm had been doing business in Alaska for many years prior to the execution of the instant Kansas auto liability policy, and was well aware of Alaska law that defined litigation costs to include attorney's fees.

3. It would have been a very simple matter indeed for State Farm to have added a few words to its definition of court costs to exclude attorney's fees generally[4] or Alaska Rule 82 fees specifically, if it had been so inclined.

Plaintiffs submit that, even if this were not a contract of adhesion, and normal principles of contract construction were applied, the Alaska Supreme Court would find in Catherine's favor as a matter of substantive contract law, on the basis of these facts and circumstances – and particularly because State Farm did not exclude attorney's fees from

---

[4] It may well be that there are other jurisdictions which provide for attorney's fees under exceptional circumstances, to which that exclusion would also apply.

its definition of court costs as the drafter of the provision. U.S. Fire Ins. v. Colver, 600 P.2d 1, 3 (Alaska 1979) (citing University of Alaska v. Modern Construction, Inc., 522 P.2d 1132, 1138 n. 20 (Alaska 1974).

The foregoing is the essence of plaintiffs' supplemental brief: i.e., that as a matter of straightforward construction of Alaska substantive contract law, plaintiffs must prevail. But plaintiffs feel obligated to point out what they understand would be the implications of the court ruling that State Farm's "court costs" definition in out-of-state policies would not include Alaska Rule 82 attorney's fees. That would mean that the tens of thousands of non-Alaska policy drivers in Alaska were driving with substantially inferior coverage to the Alaska policy drivers. Consider, for example, if George Newsham had run a stop sign and seriously injured or killed several Alaskans. According to State Farm, it would have been free to litigate the case on George's behalf for several years and end up with a big judgment *plus* a very substantial Rule 82 award. In that event, State Farm would not be responsible for that Rule 82 award; George would, per the court's tentative ruling. Or assume that George ran a stop light while driving with an Alaska resident as a passenger in his car, and that passenger was catastrophically injured. Would that passenger's recovery under the UIM portion of George's policy be arbitrarily reduced – as compared to the same policy written for an Alaska driver – just because George had driven his vehicle to Alaska from out-of-state? Such results, plaintiffs submit, would be anomalous.

Plaintiffs also respectfully submit that the court's discussion of AS 21.89.020 and related statutes at pp. 12-14 of the Order is misplaced. AS 21.89.020 ("required motor vehicle coverage") relates to minimum auto liability coverage required to be offered by

5

insurance carriers for policies "sold in this state." But that is not the instant controversy. The parties are not fussing about what coverage State Farm was *required* to offer. State Farm *did* offer UIM coverage to the Newshams, which they accepted and *paid* for. It was State Farm that chose not to exclude attorney's fees from its "court costs" definition, despite being on ample notice that in Alaska "court costs" decidedly include attorney's fees. It was State Farm that informed the Newshams (in its auto policies) that they were good to go anywhere the Newshams chose to drive in the U.S. It was State Farm, through its agent, that after being fully informed of the circumstances of George having the Taurus vehicle in Alaska for a period of some months, told Catherine that it was not necessary for the Newshams to insure the vehicle with an Alaska policy.

Plaintiffs respectfully make a tardy request for oral argument with respect to the court's tentative order, with apologies to the court for not making a more timely request.[5]

In summary, plaintiffs believe this is a straightforward contract case and that, if the basic principles of contract construction are applied pursuant to Alaska procedural law, State Farm is liable for attorney's fees, in an amount to be determined.

DATED at Anchorage, Alaska, this 30th day of January, 2006.

GRUENSTEIN & HICKEY
Attorneys for Plaintiffs

By: _____
Peter Gruenstein, #7910079
1029 W. 3rd Avenue, Suite 510
Anchorage, AK  99501
(907) 258-4338
(907) 258-4350 (fax)
E-mail: ghlaw1@gci.net

---

[5] As the court, defense counsel and plaintiffs' counsel all have ties to Tucson, plaintiffs' counsel would not object to oral argument being scheduled there if it is more convenient to the parties and the court.

<u>Certificate of Service</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing was served electronically on this 30th day of January, 2006, on
James K. Wilkens

<u>peterg</u>