IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| CATHERINE ANN NEWSHAM, individually and as personal representative of the ESTATE OF GEORGE M. NEWSHAM, deceased, and on behalf of GINNI LOUISE NEWSHAM and BRENT NEWSHAM, minor children,<br><br>Plaintiffs,<br><br>vs.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY and STATE FARM FIRE AND CASUALTY COMPANY,<br><br>Defendants. | Case No. 3:05-cv-00092-JKS<br><br>O R D E R |

  Catherine Newsham sues the State Farm Companies seeking to recover additional proceeds under the underinsured motorist coverage provided her decedent in certain policies of insurance issued in Ohio and Kansas. Newsham's husband was killed in an automobile accident in Alaska. The person responsible for his death was underinsured. The dispute in this case turns on whether Newsham is entitled to recover additional proceeds calculated on the basis of the Alaska Rule of Civil Procedure 82 attorney fees and pre-judgment interest that would have been awarded by a jury if: 1) Newsham had sued the underinsured motorist in state court and, 2) recovered a judgment against him. It is undisputed that Newsham did sue the underinsured motorist and has settled her case with him. That settlement is not at issue. It is also undisputed that Newsham will recover additional costs and attorney fees if she prevails against State Farm in this action since this Court's jurisdiction is based upon diversity of citizenship. Of course, Rule 82 attorney fees would be based

on the actual judgment she obtained against State Farm, not a hypothetical judgment that she might have obtained against the underinsured motorist. Such an award is not at issue here, either. Finally, the contract of insurance in this case provided a mechanism for addressing costs and attorney fees if a dispute arose between the insured and the insurer over an underinsured motorist recovery. That mechanism is not at issue either. What is at issue are hypothetical, or phantom, attorney fees, interest, and costs that would have been awarded in the event of an occurrence that will not, in fact, occur; namely, a judgment by Newsham against the underinsured motorist for the full amount of the damages her husband's estate and survivors have incurred.

The Court issued a tentative decision at Docket No. 27 addressing the parties' choice of law arguments. It concluded that a conflict of laws had not been established, that Alaska law applied, that Alaska would not apply a statute requiring that underinsured motorist coverage mirror liability coverage to policies issued outside the State to non-residents, and that, statute aside, the insurance policies in question did not make the insurer liable for phantom attorney fees, interest, and costs, which might have been awarded had the insured sued the underinsured motorist and obtained an Alaska judgment. The Court asked the parties to file any objections to this resolution and they have done so. Docket Nos. 31 (State Farm's response); 32 (Newsham's response). The Court sees no reason advanced by a party to change the tentative decision. A few additional comments are in order.

While it is true that Alaska case law has interpreted an Alaska statute to require that UIM coverage mirror liability coverage, the case law depends on the statute and the statute by its terms only applies to policies issued within the State. Alaska case law provides no guidance to determine how questions of costs and attorney fees are to be evaluated in connection with UIM coverage in the absence of statute where the policies in question were issued out of State, on out of State forms to out of State residents. Nothing in the policies themselves addresses costs and attorney fees in connection with UIM coverage that would provide a contractual basis for increasing the proceeds otherwise obtainable under the policy. In fact, the policies seem to expect that UIM coverage disputes would be arbitrated so that no costs or fees would be awarded, and in the absence of arbitration each side would bear its own litigation costs. This Court has read the Alaska cases and

ORDER

F:\HOME\JUDGES\DOCS\SHARED\CV\D.AK 2005\A05-0092.005.wpd

predicts that the Alaska Supreme Court, if it had this case, would conclude that its earlier cases were statute dependent and, in the absence of a statute requiring UIM coverage to mirror liability coverage, further conclude there would be no basis for increasing UIM coverage to include hypothetical or phantom costs, interest, and attorney fees.  Newsham mistakenly infers that if this is true then she, and by extension her husband, would not have been insured against an award of interest, attorney fees, and costs if they had been sued under the liability provisions of their policy and a judgment reached against them.  But this is not true.  In the absence of the statute requiring UIM coverage to mirror liability coverage each would be separately evaluated under the respective contract language describing coverages.  It may well be that looking at liability policy language the Alaska Supreme Court would hold that liability coverage would also extend to an award of costs and attorney fees in favor of a third party regardless of where the policy was issued.  That question is not before the Court.  It is the absence of this explicit language regarding costs and attorney fees in the UIM coverage provisions, language which is present in the liability coverage provisions, that makes the application of the statute necessary for Newsham to prevail.  It is the inapplicability of the statute requiring mirror coverage between UIM and liability coverage that dooms Newsham's case.

This Court's comment regarding the details of Newsham's conversation with her Kansas insurance agent as reported in her affidavit referred to the absence of any specific discussion about UIM coverage under Alaska's local rule regarding mirroring liability coverage regarding costs and attorney fees.  If Newsham and the agent had been aware of the peculiarities of Alaska law and directly addressed them Newsham might have an argument to reform the contract to provide what she was promised.  Her affidavit can be read to say that she was assured that her husband did not have to have an Alaska policy to protect him against actions by third parties.  Her liability to third parties is not at issue in this case.  Nothing in the affidavit suggests that either Newsham or the agent were aware of Alaska's rule regarding attorney fees, and the impact that rule would have on phantom fees in the context of UIM coverage.  It is not disputed that Catherine and her family had UIM coverage that protected them in Alaska.  Nothing in this record suggests that ordinary men and

ORDER

F:\HOME\JUDGES\DOCS\SHARED\CV\D.AK 3005\A05-0092.005.wpd

women purchasing insurance policies in Kansas would reasonably expect the limits of UIM coverage to increase to include phantom attorney fees, interest, and costs.

In its tentative decision, the Court addressed only the policies interpreted within their four corners in light of Alaska procedural law governing the interpretation of such policies.  The Court was careful to disclaim any intent to address alternate theories of liability such as misrepresentation or estoppel.  Newsham argues that since State Farm operates throughout the United States, the knowledge of its agents regarding the law in each state should be imputed to its agents in every state where a prospective insured may drive an insured vehicle.  Perhaps.  Imputed knowledge, contracts to procure insurance, and oral binders of insurance have not been briefed or addressed in the existing Order.

**IT IS THEREFORE ORDERED:**

This Court's Order at **Docket No. 27 is adopted** and incorporated by reference herein as the Order of the Court.  It will establish the law of the case.  The parties should meet, confer, and inform the Court in a **status report** to be filed by counsel for Plaintiff Newsham on or before **Monday, April 17, 2006**, what needs to be done to bring this case to conclusion.

Dated at Anchorage, Alaska, this 14th day of March 2006.

/s/ James K. Singleton, JR.

**JAMES K. SINGLETON, JR.**
United States District Judge

ORDER

F:\HOME\JUDGES\DOCS\SHARED\CV\D.AK 2005\A05-0092.005.wpd